# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

JEFFERY EDWARDS,

    Plaintiff,

vs.

DR. HANDSON,

    Defendant.

Case No.  2:13-cv-01118-JCM-GWF

**ORDER**

Motion for Leave to File Medical Records Under Seal (#18)

    This matter comes before the Court on Defendant Hanson's (sued as Dr. Handson) Motion for Leave to File Medical Records Under Seal, filed on June 27, 2014.

    The Supreme Court has recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *See Nixon v. Warner Comm., Inc.*, 435 U.S. 589, 597 & n. 7 (1978).  Unless a particular court record is one "traditionally kept secret," a "strong presumption in favor of access" is the starting point.  *See Foltz v. State Farm Mutual Auto. Insurance Company*, 331 F.3d 1122, 1135 (9th Cir. 2003) (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).  The party seeking to seal a judicial record bears the burden of overcoming the strong presumption by articulating the compelling reasons supported by specific factual findings that outweigh the general history of access and the public policies favoring disclosure.  *Id.*

    Here, Defendant Hanson filed a motion requesting leave to file Plaintiff's medical records, which are exhibits to his motion to dismiss, under seal.  *See Dkt. #18*.  Defendant cites several Nevada Department of Corrections ("NDOC") Administrative Regulations to justify sealing Plaintiff's medical records.  The Administrative Regulations do not, however, support sealing the

medical records when they are being used as evidence in federal court. Plaintiff also alleges that the medical records are confidential and must be protected from public dissemination pursuant to Nevada Revised Statute ("NRS") 449.720(2) and NRS 629.061(5). Defendant failed to show, however, that sealing the medical records is the least restrictive means with which to protect the confidential information. Specifically, Defendant failed to explain why redacting the confidential portions of Plaintiff's medical records would not suffice in protecting Plaintiff's confidential information. Defendant has therefore failed to identify a compelling reason to justify sealing the medical records. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion for Leave to File Medical Records Under Seal (#18) is **denied** without prejudice**.**

DATED this 1st day of July, 2014

_____
GEORGE FOLEY, JR.
United States Magistrate Judge