1
2
3
4                          UNITED STATES DISTRICT COURT
5                               DISTRICT OF NEVADA
6                                      * * *
7    JEFFREY EDWARDS,                          Case No. 2:13-CV-1118 JCM (GWF)
8                            Plaintiff(s),                    ORDER
9           v.
10   NDOC DEPT DIR COX, et al.,
11                           Defendant(s).
12
13          Presently before the court is defendant Dr. Joseph Hanson's (hereinafter "defendant")
14   motion for summary judgment.  (Doc. # 17).  To date, *pro se* plaintiff Jeffery Edwards
15   (hereinafter "plaintiff") has not responded.
16   **I.    Background**
17          This is a *pro se* civil rights action.  Plaintiff was in the custody of the Nevada department
18   of corrections and housed at High Desert State Prison (HDSP) from approximately June 22,
19   2012, through July 31, 2012, a period covering the time of the alleged mistreatment.  Plaintiff
20   claims that defendant failed to treat his infected wisdom tooth properly and that this failure
21   caused plaintiff's mouth to lock up, requiring plaintiff to visit an oral surgeon outside of prison.
22          Beginning on or around June 24, 2012, plaintiff began making written requests ("kites")
23   to HDSP's dental clinic to inform them of pain in his wisdom tooth.  (Doc. # 17).  On July 18,
24   2012, defendant examined plaintiff.  Defendant observed that plaintiff's mouth was not swollen,
25   had no limited opening, was not forming puss, and was not infected.  On the same visit, plaintiff
26   signed a written consent form for the extraction of his wisdom tooth, which spelled out the
27   common risks of the surgery, and plaintiff's tooth was extracted.  (Doc. # 17).
28

**James C. Mahan**
**U.S. District Judge**

1    On July 23, 2012, plaintiff returned to the dental clinic with symptoms of a beginning

2  post-operation infection and was treated by Dr. Sanders.  Dr. Sanders prescribed antibiotics for

3  plaintiff's infection.  (Doc. # 17).

4    On July 31, 2012, plaintiff returned to the dental clinic with signs of severe swelling.

5  The infection was not responding to the antibiotics.  As a result, Dr. Hanson transferred plaintiff

6  to University Medical Center ("UMC") for further evaluation and treatment.

7    On December 18, 2013, plaintiff filed his complaint pursuant to 42 U.S.C. § 1983.  (Doc.

8  # 6).  Plaintiff filed an amended complaint on December 30, 2013.  (Doc. # 7).  Pursuant to a

9  screening order, plaintiff has been permitted to proceed on one claim alleging deliberate

10  indifference against defendant.  (Doc. # 8).  Defendant now moves for summary judgment.

11  **II.    Legal Standards**

12    *A.  Summary judgment*

13    Pursuant to Local Rule 7-2(d), an opposing party's failure to file a timely response to any

14  motion constitutes the party's consent to the granting of the motion and is proper grounds for

15  dismissal.  LR 7-2(d).  A court cannot, however, grant a summary judgment motion merely

16  because it is unopposed, even where its local rules might permit it.  *Henry v. Gill Indus., Inc.,*

17  983 F.2d 943, 949-50 (9th Cir. 1993); *see also Martinez v. Stanford*, 323 F.3d 1178, 1182 (9th

18  Cir. 2003) (a district court cannot grant a motion for summary judgment based merely on the fact

19  that the opposing party failed to file an opposition).

20    Even without an opposition, the court must apply standards consistent with Federal Rule

21  of Civil Procedure 56, determining if the moving party's motion demonstrates that there is no

22  genuine issue of material fact and judgment is appropriate as a matter of law.  *Henry*, 983 F.2d at

23  950.  *See also Clarendon Am. Ins. Co. v. Jai Thai Enters., LLC*, 625 F. Supp. 2d 1099, 1103

24  (W.D. Wash. 2009).[1]

25

26  _____

27  [1] "[S]ummary judgment cannot be granted by default, even if there is a complete failure to respond to the motion."  Fed. R. Civ. P. 56, 2010 cmt. to subdivision (e).  The court may only grant summary judgment if "the motion and supporting materials . . . show that the movant is

28  entitled to it."  Fed. R. Civ. P. 56(e).

**James C. Mahan**
**U.S. District Judge**

1    The Federal Rules of Civil Procedure provide for summary adjudication when the

2    pleadings, depositions, answers to interrogatories, and admissions on file, together with the

3    affidavits, if any, show that "there is no genuine dispute as to any material fact and the movant is

4    entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  A principal purpose of

5    summary judgment is "to isolate and dispose of factually unsupported claims."  *Celotex Corp. v.*

6    *Catrett*, 477 U.S. 317, 323-24 (1986).

7    In determining summary judgment, a court applies a burden-shifting analysis.  "When the

8    party moving for summary judgment would bear the burden of proof at trial, it must come

9    forward with evidence which would entitle it to a directed verdict if the evidence went

10   uncontroverted at trial.  In such a case, the moving party has the initial burden of establishing the

11   absence of a genuine issue of fact on each issue material to its case."  *C.A.R. Transp. Brokerage*

12   *Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (citations omitted).

13   By contrast, when the nonmoving party bears the burden of proving the claim or defense,

14   the moving party can meet its burden in two ways: (1) by presenting evidence to negate an

15   essential element of the nonmoving party's case; or (2) by demonstrating that the nonmoving

16   party failed to make a showing sufficient to establish an element essential to that party's case on

17   which that party will bear the burden of proof at trial.  *See Celotex Corp.*, 477 U.S. at 323-24.  If

18   the moving party fails to meet its initial burden, summary judgment must be denied and the court

19   need not consider the nonmoving party's evidence.  *See Adickes v. S.H. Kress & Co.*, 398 U.S.

20   144, 159-60 (1970).

21   If the moving party satisfies its initial burden, the burden then shifts to the opposing party

22   to establish that a genuine issue of material fact exists.  *See Matsushita Elec. Indus. Co. v. Zenith*

23   *Radio Corp.*, 475 U.S. 574, 586 (1986).  To establish the existence of a factual dispute, the

24   opposing party need not establish a material issue of fact conclusively in its favor.  It is sufficient

25   that "the claimed factual dispute be shown to require a jury or judge to resolve the parties'

26   differing versions of the truth at trial."  *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*,

27   809 F.2d 626, 631 (9th Cir. 1987).

28   . . .

**James C. Mahan**
**U.S. District Judge**

*B.  Deliberate indifference*

Under the Eighth Amendment to the United States Constitution, a prisoner has the right to be free from "cruel and unusual punishments."  U.S. Const. amend. VIII.  The Constitution "does not mandate comfortable prisons," but it does require that prisoners receive "adequate food, clothing, shelter, and medical care . . . ."  *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (internal quotations omitted).

Alleged denials of medical care are subject to a two-part "deliberate indifference" analysis.  *See Farmer*, 511 U.S. 825; *Jett v. Penner*, 439 F.3d 1091, 1096 (9th Cir. 2006).  First, "the deprivation alleged must be, objectively, 'sufficiently serious.'"  *Farmer*, 511 U.S. at 834.  The inmate must show that he is incarcerated "under conditions posing a substantial risk of serious harm."  *Id.*

Second, the plaintiff must demonstrate that the defendant had a subjectively "sufficiently culpable state of mind," acting with deliberate indifference.  *Id.*; *Hearns v. Terhune*, 413 F.3d 1036, 1040 (9th Cir. 2005).  "[D]eliberate indifference entails something more than mere negligence . . . [but] is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result."  *Hearns*, 413 F.3d at 1040 (quoting *Farmer*, 511 U.S. at 835).

To establish a claim for deliberate indifference to medical needs in the Ninth Circuit, a plaintiff must show: (1) a "serious medical need by demonstrating that failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that the defendant's response to the need was deliberately indifferent.  *Jett*, 439 F.3d at 1096 (internal citations omitted).

"Mere negligence in diagnosing or treating a medical condition, without more, does not violate a prisoner's Eighth Amendment rights."  *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992)).  Finally, delaying medical treatment, without more, is insufficient for a deliberate medical indifference claim; plaintiff must demonstrate that the delay was harmful.  *Shapley v. Nevada Bd. of State Prison Com'rs*, 766 F.2d 404, 407 (9th Cir. 1985).

**James C. Mahan**
**U.S. District Judge**

- 4 -

1    **III.    Discussion**

2         Plaintiff would bear the burden of proving defendant's deliberate indifference at trial.

3    Therefore, for summary judgment to be appropriate, defendant must first prove that plaintiff

4    failed to show an essential element of deliberate indifference.  If he succeeds in showing this, the

5    burden would then shift to plaintiff to show that a genuine dispute of material fact exists.

6    Because plaintiff failed to respond to defendant's motion, the court must evaluate the evidence to

7    determine whether the standard has been satisfied.

8         To prove deliberate indifference, plaintiff must first prove a sufficiently serious

9    deprivation of medical care.  The evidence does not support such a finding.  Plaintiff's requests

10   for medical care were addressed within a reasonable period of time.  Once defendant examined

11   plaintiff, he responded accordingly, removing plaintiff's tooth, providing him with follow-up

12   treatment, and referring him as necessary.  Any deprivation of medical care was not sufficiently

13   serious to warrant a finding of deliberate indifference.

14        Plaintiff has also failed to prove that defendant acted with deliberate indifference greater

15   than negligence.  Neither party presents any facts supporting such a finding.  As stated above, it

16   appears that defendant acted in accordance with accepted medical standards and responded

17   appropriately to plaintiff's condition.  Therefore, this element is not met.

18        Because defendant has shown that plaintiff fails to meet the essential elements of

19   deliberate indifference, the burden would then shift to plaintiff to show that a genuine dispute of

20   material fact exists.  The court does not find any dispute of material fact in the instant case.  The

21   only potential discrepancy between plaintiff's and defendant's accounts of the relevant facts is

22   whether plaintiff's tooth was infected at the time of his initial examination.  Plaintiff alleges that

23   the extraction defendant performed caused an existing infection to spread.  (Doc. # 7).  This

24   would not cure plaintiff's failure to allege a sufficiently serious deprivation of medical care or

25   deliberate indifference.  Therefore, it is not material and cannot preclude the court from granting

26   summary judgment.

27        Overall, the evidence does not support a finding of deliberate indifference, and no

28   genuine dispute of material fact exists in the case. Plaintiff has not shown that defendant acted

**James C. Mahan**
**U.S. District Judge**
- 5 -

1   with a "culpable state of mind" greater than negligence.   The evidence before the court

2   demonstrates that defendant treated plaintiff in accordance with the usual standards of medical

3   care.   Plaintiff does not dispute that his tooth was extracted, that he was provided with

4   antibiotics, or that he was referred to an outside provider when his condition worsened.  Further,

5   the undisputed facts do not support a finding of a sufficiently serious deprivation of medical care.

6   For these reasons, defendant's motion for summary judgment will be granted.

7          Because the court finds that plaintiff cannot show a violation of a constitutional right

8   under 42 U.S.C. § 1983, the court need not address defendant's argument that he is entitled to

9   summary judgment on the basis of qualified immunity.a

10  **IV.    Conclusion**

11         Accordingly,

12         IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant's motion for

13  summary judgment (doc. # 17) be, and the same hereby is, GRANTED.

14         IT IS FURTHER ORDERED that the clerk of the court enter judgment in favor of

15  defendant and close this case.

16         DATED August 25, 2014.

17                                          _____

18                                          UNITED STATES DISTRICT JUDGE

19

20

21

22

23

24

25

26

27

28

**James C. Mahan**
**U.S. District Judge**

- 6 -